In the United States Bankruptcy Court
For the District of Maryland

In Re: David A. Ehatt                              Case No. 15-23755TC
                                                   Chapter 13
    Debtor(s)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the attached CHAPTER 13 PLAN was sent electronically via ECF and/or first class mail, postage pre-paid to the below listed parties the 21st day of October, 2015.

        /S/ James R. Logan
    James R. Logan
    Attorney for the Debtor
    2419 Maryland Avenue
    Baltimore, MD 21218
    (410) 243-1508

Ellen W. Cosby, Trustee
Via ECF

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0416-1<br>Case 15-23755<br>District of Maryland<br>Baltimore<br>Wed Oct 21 08:51:08 EDT 2015 | OCWEN LOAN SERVICING, LLC<br>Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Ave<br>Suite 100<br>Boca Raton, FL 33487-2853 | TD Auto Finance LLC<br>EVANS PETREE PC<br>1000 Ridgeway Loop Rd, Suite 200<br>Memphis, TN 38120-4036 |
| Bay Area Receivables<br>Po Box 3535<br>Attn: Debbie<br>Salisbury, MD 21802-3535 | Comptroller of Maryland<br>Revenue Administration<br>110 Carroll St.<br>Annapolis, MD 21411-1000 | Comptroller of the Treasury<br>Compliance Division, Room 409<br>301 W. Preston Street<br>Baltimore, MD 21201-2305 |
| Fst Collect<br>Po Box 102<br>Lewes, DE 19958-0102 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Lescoll<br>Po Box 2182<br>Milwaukee, WI 53201-2182 |
| New South Fed Saving<br>251 No 21st Street<br>Birmingham, AL 35211-3200 | New South Federal<br>210 Automation Way<br>Irondale, AL 35210-1763 | Ocwen Loan Servicing L<br>1661 Worthington R<br>West Palm Beac, FL 33409-6493 |
| State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 | Summit Collection Svcs<br>Po Box 306<br>Ho Ho Kus, NJ 07423-0306 | TD Auto Finance LLC<br>c/o Jacob Zweig, Esq.<br>1000 Ridgeway Loop Rd, Suite 200<br>Memphis, TN 38120-4036 |
| Td Auto Finance<br>Po Box 9223<br>Farmington Hills, MI 48333-9223 | Tek-collect Inc<br>Pob 1269<br>Columbus, OH 43216-1269 | Worchester County Solicitor<br>Room 112 Courthouse<br>One West Market Street<br>Snow Hill, MD 21863-1188 |
| David A Ehatt<br>12801 Old Stage Road<br>Bishopville, MD 21813-1259 | Ellen W. Cosby<br>300 E Joppa Road, Suite 409<br>Towson, MD 21286-3005 | James R. Logan<br>James R. Logan P.A.<br>2419 Maryland Avenue<br>Baltimore, MD 21218-5017 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IRS Special Procedures
31 Hopkins Plaza #1150
Baltimore, MD 21201

Case 15-23755    Doc 18    Filed 10/21/15    Page 2 of 6

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ocwen Loan Servicing L

```
End of Label Matrix
Mailable recipients    20
Bypassed recipients     1
Total                  21
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re:   David A. Ehatt                       *

                                                        *   Case No.   15-23755

                                                        *   Chapter       13

                                                        *

           Debtor                       *

## CHAPTER 13 PLAN

  __X__   Original Plan   ____ Amended Plan   ____ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):
   a. $___ per month for a term of _____ months. OR

   b. $_900.00__ per month for ___12_____month(s),
      $_1,400.00__ per month for ___48_____month(s),
      $_____ per month for _____month(s), for a
      total term of _60___ months. OR

   c. $_____per month prior to confirmation of this plan, and
      $_____ per month after confirmation of this plan, for a total term of
      _____ months (if this option is selected, complete 2.e.i).

2. From the payments received, the Trustee will make the disbursements in the order described below:

   a. Allowed unsecured claims for domestic support obligations and trustee commissions.

   b. Administrative claims under 11 U.S.C. §507(a)(2), including attorney's fee balance of $__3,700.00*__ (unless allowed for a different amount by an order of court). (*To be paid in accordance with Paragraph 4B of Local Rule Appendix F.)

   c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ _____.

   d. Other priority claims defined by 11 U.S.C. §507(a)(3)-(10). The Debtor anticipates the following priority claims: None.

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows: None.

      i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii and 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|

      ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| Ocwen Loan Serv. | $20,000.00 | | |

      iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|

      iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors: None.

      v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

          Claim of TD Auto Finance secured by 06 Dodge ram.

      vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

      vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the allowed general, unsecured claims will be paid 100%.

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.): None.

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post- petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated: None.

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8. Non-standard Provisions: None.


\_\_\_10/15/15\_\_\_                                             \_\_/S/ David A. Ehatt.\_\_\_\_\_
Date                                                              Debtor


\_\_/S/ James R. Logan_____                     _____
Attorney for Debtor                                         Joint Debtor